Eric D. Houser (SBN 130079)
Jeffrey S. Allison (SBN 173620)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
sclere@houser-law.com

Attorneys for Defendant,
BARCLAYS CAPITAL REAL ESTATE, INC.
dba HOMEQ SERVICING,
erroneously sued herein as HOMEQ SERVICING INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN ALLEN,<br><br>                             Plaintiff,<br><br>v.<br><br>HOMEQ SERVICING INC.,<br><br>                             Defendants. | Case No.: 3:08-cv-01698 EMC<br><br>**NOTICE OF ADDITIONAL PLEADINGS FILED IN STATE COURT** |

TO THE COURT AND TO THE PLAINTIFF:

Please take notice that the attached pleadings have been filed in the state

court in this matter, and were faxed from Plaintiff's counsel to Defendant's

counsel April 3, 2008.  The attached pleadings are:

1.    Second Amended Summons; and

---

**NOTICE RE: ADDITIONAL PLEADINGS**

1

2.    First Amended Complaint.


DATED:  April 4, 2008                    HOUSER & ALLISON
                                         A Professional Corporation

                                         By: By:   /s/ Eric D. Houser
                                               ERIC D. HOUSER
                                               JEFFREY S. ALLISON
                                         Attorney for Defendant
                                         BARCLAYS CAPITAL REAL ESTATE,
                                         INC. dba HOMEQ SERVICING,
                                         erroneously sued herein as HOMEQ
                                         SERVICING INC.

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\notice additional pldgs.doc

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
HOMEQ SERVICING INC, DOES 1 TO 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
JOHN ALLEN

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

MAR 1 8 2008

CLERK OF THE SUPERIOR COURT
By _____ **M. Hayes**
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* RG08373829 |
|---|---|

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shawn Ridgell                          Oakland, CA 94612
Ridgell & Lawlor LLP                   (510) 986-1300
2128 Broadway

| DATE: *(Fecha)* MAR 1 3 2008    PAT S. SWEETEN | Clerk, by *(Secretario)* _____ **M. Hayes** , Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

ALLEN ~ R&L~38

1  Shawn Ridgell (State Bar No. 201179)
2  RIDGELL & LAWLOR LLP
   2128 Broadway
   Oakland, Ca 94612
3  (510) 986-1300

4  Attorneys for Plaintiff JOHN ALLEN

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 8 2008

CLERK OF THE SUPERIOR COURT
M. Hayes

By _____
                        Deputy

8                  SUPERIOR COURT OF CALIFORNIA

9                IN AND FOR THE COUNTY OF ALAMEDA

10                     (Unlimited Jurisdiction)

11  JOHN ALLEN,                     )   ACTION NO: RG08373829
                                    )
12                                  )   FIRST AMENDED COMPLAINT FOR
              Plaintiff,            )   DAMAGES FOR NEGLIGENT
13                                  )   INTERFERENCE WITH PROSPECTIVE
         v.                         )   ECONOMIC ADVANTAGE &
14                                  )   VIOLATION OF THE FAIR CREDIT
    HOMEQ SERVICING INC.,           )   BILLING ACT [15 U.S.C. §1666(a)(B)(ii),
15  DOES 1 TO 50,                   )   12 CFR §226.13]
                                    )
16            Defendant.            )
                                    )
17                                  )
                                    )
18  _____ )

19        Plaintiff John Allen ("Allen") alleges:

20  1.    Allen is, and at all times herein mentioned was, a resident of Alameda

21  County, California.

22  2.    Defendant HomEq Servicing Inc. is, and at all times herein mentioned, was, a

23  corporation located in Sacramento, California, and organized and existing under the

24  laws of the State of California as a real estate loan company.

25  3.    Allen is ignorant of the true names and capacities of defendants sued herein

26  as DOES 1 TO 50, inclusive, and therefore sues these defendants by these fictitious

27  names. Allen will amend this complaint to allege their true names and capacities

28  when ascertained. Allen is informed and believe and thereon alleges that each of

1   the fictitiously named defendants is responsible in some manner for the occurrences

2   alleged in this complaint, and that Allen's damages as alleged were proximately

3   caused by such defendants.

4   4.    In committing the acts alleged in this complaint, each defendant was the agent,

5   and employee of each other defendant and was acting within the scope of that agency

6   and capacity. The conduct of each defendant was ratified by each co-defendant.

7   5.    On or about February, 2007, Allen attempted to enter into an agreement with

8   Step One Real Estate to purchase a home located at 180 Johnston Road in Sacramento,

9   California, for approximately $429,000. The purchase of this home was contingent upon

10  Allen obtaining the necessary financing. Once Allen had purchased the property

11  at 180 Johnston Road, he was going to rent his current home located in Oakland,

12  California to tenants.

13  6.    On or about March 7, 2007, Allen was denied financing, and as a result of

14  this denial, was unable to purchase the home located at 180 Johnston Road. He was

15  denied financing because there was an entry on Allen's credit report that showed a

16  delinquency on a loan that Defendant provided to Allen. ("Hereinafter referred to as

17  "The Loan"). Defendant reported that the delinquency occurred on November, 2006.

18  Allen entered into the loan contract with Defendant for the purchase of his home in

19  Oakland, California.

20  7.    The entry on Allen's credit report concerning the loan was false. Allen did not

21  miss any payments on his loan, and was not late on making payments. The loan had

22  been paid in full since August 30, 2006.

23  8.    John Allen contacted Defendant on numerous occasions, in order to resolve the

24  loan dispute. Defendant failed to respond to Allen's numerous communications.

25  9.    Defendant reported to the credit bureau that the loan was delinquent. Defendant

26  made no attempts to resolve the alleged loan delinquency prior to reporting the loan to

27  the credit bureaus. Defendants did not contact Allen prior to reporting the loan as

28

2

1  delinquent to the credit bureaus.

2  10.    On October 9, 2007, several months after Allen requested that Defendant correct

3  its billing error concerning the loan, Defendant wrote to Allen. In the letter, defendant

4  admitted that the loan was paid in full on August 30, 2006.

5  11.    As a direct result of the adverse information on Plaintiff's credit report that was

6  false, Allen's credit rating was damaged. Allen has also been denied lower interest rates

7  on other loans, and have lost rental income for his home in Oakland, California.

8                              FIRST CAUSE OF ACTION
9              (Negligent Interference with prospective economic advantage)

10  12.    Allen refers to and incorporates herein by reference paragraphs 1 through, 11

11  above.

12  13.    Defendant owed Allen a duty to accurately monitor and bill the loan.

13  Defendant also had a duty to refrain from reporting the loan as delinquent to the credit

14  bureaus until after it made attempts to resolve the loan with Allen.

15  14.    Defendant breached this duty by incorrectly billing the loan account, erroneously

16  reporting the loan to the credit bureaus as delinquent, failing to correct the billing error,

17  and by reporting the loan to credit bureaus before attempting to resolve the loan with

18  Allen.

19  15.    As a direct and proximate result of Defendant's negligence, Allen was damaged

20  in an amount according to proof at trial.

21        WHEREFORE, Allen requests relief as hereinafter provided.

22                            SECOND CAUSE OF ACTION
23                   (Violation of the Fair Credit Billing Act)

24  16.    Allen refers to and incorporates herein by reference paragraphs 1 through 15,

25  above.

26  17.    Defendant violated the provisions of 15 U.S.C. §1666(a)(B)(ii) and Title 12,

27  §226.13 of the Code of Federal Regulations in connection with the loan in that

28                                          3

1  Defendant failed to timely respond to Allen's inquiries to Defendant in efforts to

2  resolve the billing error. Defendants also erroneously reported the loan as delinquent,

3  to the credit bureaus before attempting to resolve any purported loan delinquencies with

4  Allen.

5  18.    As a result of the above mentioned violations of 15 U.S.C. §1666(a)(B)(ii) and

6  Title 12, §226.13 of the Code of Federal Regulations by Defendant, Allen is entitled to

7  recover from Defendant, the actual damages that Allen sustained pursuant to 15 U.S.C.

8  §1640(a)(1).

9  19.    Under 15 U.S.C. §1640(a)(3), Allen is entitled to recover reasonable attorney's

10  fees and costs incurred in bringing this action in an amount to be determined by the

11  court.

12      WHEREFORE, Allen requests relief as hereinafter provided

13                **PRAYER**

14      WHEREFORE, Allen prays for judgment against Defendant as follows:

15  1.    For actual damages, to be determined by the court;

16  2.    For consequential damages;

17  3.    For reasonable attorney's fees;

18  4.    For costs of suit herein incurred; and

19  5.    For any and all other relief that is just and proper.

20  Dated: March 7, 2008            RIDGELL & LAWLOR LLP

21

22                    By:

23                    Shawn Ridgell

24                    Attorney for Plaintiff
                        JOHN ALLEN

25

26

27

28                      4

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On April 4, 2008, I served the following document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the following interested parties in this action:

Shawn Ridgell
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300

**[X]**  <u>VIA MAIL</u> -- By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on April 4, 2008, at Irvine, California.

Sherie L. Cleeré

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\notice additional pldgs.doc