1  Eric D. Houser (SBN 130079)
2  Jeffrey S. Allison (SBN 173620)
   HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, California 92618
4  Telephone: (949) 679-1111
   Facsimile: (949) 679-1112
5  sclere@houser-law.com

6  Attorneys for Defendant,
   BARCLAYS CAPITAL REAL ESTATE, INC.
7  dba HOMEQ SERVICING,
   erroneously sued herein as HOMEQ SERVICING INC.
8

9

           UNITED STATES DISTRICT COURT
10
          NORTHERN DISTRICT OF CALIFORNIA
11
             SAN FRANCISCO DIVISION
12

13  JOHN ALLEN,                        )  Case No.: 3:08-cv-01698 EMC
                          Plaintiff,   )
14                                     )  NOTICE OF MOTION AND
    v.                                 )  MOTION TO DISMISS
15                                     )  COMPLAINT; MEMORANDUM
                                       )  OF POINTS AND AUTHORITIES
16  HOMEQ SERVICING INC.,              )  IN SUPPORT THEREOF
                                       )
17                        Defendants.  )  [F.R.C.P. 12(b)(6)]
                                       )
18                                     )  Hearing Date: May 14, 2008
                                       )  Hearing Time: 10:30 a.m.
19                                     )  Place: Courtroom C, 15th Floor
                                       )  450 Golden Gate Avenue
20                                     )  San Francisco, CA 94102
                                       )
21  _____

22
       TO PLAINTIFFS AND THEIR COUNSEL OF RECORD HEREIN:
23

24     PLEASE TAKE NOTICE that on May 14, 2008 at 10:30 a.m. or as soon

25  thereafter as the matter may be heard in Courtroom C, 15th Floor of the above-

26  entitled court located at 450 Golden Gate Avenue, San Francisco, California

27  94102, Defendant BARCLAYS CAPITAL REAL ESTATE, INC. dba HOMEQ

28

─────────────────────────────────────────
                  MOTION TO DISMISS
                          1
I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.doc

1

DATED: April 4, 2008                    HOUSER & ALLISON
                                        A Professional Corporation

2

3

By: By:    /s/ Eric D. Houser

4

Eric D. Houser

5

Jeffrey S. Allison

6

Attorneys for Defendant
BARCLAYS CAPITAL REAL ESTATE, INC.

7

dba HOMEQ SERVICING, erroneously sued

8

herein as HOMEQ SERVICING INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO DISMISS**
I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff John Allen alleges two causes of action in his complaint against Defendant Barclays Capital Real Estate, Inc. dba Homeq Servicing ("Homeq"): negligent interference with prospective economic advantage, and violation of the Fair Credit Billing Act, USC § 1666(a)(B)(ii).  Plaintiff's factual allegations are that Plaintiff sought to purchase a property in Sacramento, but was refused funding because of an incorrect loan payment delinquency on Plaintiff's credit report, allegedly reported by Homeq.  Plaintiff further alleges that he has been unable to refinance his Oakland home because of the credit reporting, and that he would have rented his Oakland home to tenants had he been able to purchase his desired property in Sacramento.

There are several reasons the complaint should be dismissed.  First, under California law the cause of action for negligent interference with prospective economic advantage requires an existing contract or economic relationship between plaintiff and a third party.  Plaintiff's complaint merely alleges that he hoped to enter into an agreement to purchase a Sacramento property.  Further, a defendant must know of the existence of the relationship, which Plaintiff does not and cannot allege.

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.doc

Second, the Fair Credit Billing Act applies to situations where a creditor sends a statement to the borrower that is incorrect. If the borrower objects in a certain manner, the creditor must respond according to various requirements set forth in the Act. Here, there are no allegations Homeq ever sent an incorrect bill to Plaintiff. Rather, Plaintiff alleges that at some point he discovered that there was an allegedly incorrect credit reporting made by Homeq. The Fair Credit Billing Act simply does not apply to this situation.

Finally, Plaintiff relies upon a letter sent to him by Homeq to show that his loan was paid in full on August 30, 2006. However, the letter clearly states that the payment occurred August 31, 2006.[1] Even assuming Homeq reported Plaintiff as delinquent on his loan, as alleged, the mortgage loan agreement between Plaintiff and his lender provides that loan payments are due the first of each month. Loans are reported delinquent when payment is thirty days past due. Therefore, even assuming the alleged credit reporting took place, such reporting would be proper under the agreement with Plaintiff, and therefore Plaintiff's complaint fails to state a claim for relief against Homeq under any theory, and the complaint should be dismissed with prejudice.

---

[1] Documents attached to or relied upon and referenced in the complaint may be considered on a motion to dismiss without requiring the Court to convert the motion into a motion for summary judgment. See discussion in sections II and V, below.

## II.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a plaintiff fails to state a claim upon which relief can be granted.  Dismissal is proper where the complaint fails to state either a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistieri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In reviewing the complaint, the Court need not accept as true unwarranted deductions of fact, legal characterizations, argument, or unreasonable inferences.

Additionally, the Court may disregard allegations in a complaint if contradicted by facts established in documents exhibited to or referenced in the complaint, or documents that are central to a plaintiff's claim even if not referenced.  *See, During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Branch v. Tunnel*, 14 F.3d 449, 453-454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds); *Cortec Indus., Inc. v. Sum Holdings, L.P.*, 949 F.2d 42, 47 (2nd Cir. 1991).  This prevents a plaintiff from deliberately omitting references to documents upon which their claims are based.  *Parrino*, 146 F.3d at 706; *Cortec*, 949 F.2d at 47.

III. **THE COMPLAINT ITSELF ESTABLISHES THAT PLAINTIFF CANNOT ALLEGE SUFFICIENT FACTS UNDER THE CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Plaintiff fails to state a claim of relief for negligent interference with prospective economic advantage.  The allegations in Plaintiff's complaint demonstrate that there are two flaws that prevent Plaintiff from stating a claim for relief based upon negligent interference with prospective economic advantage: first, Plaintiff was not in a contract or economic relationship with a third party; and second, Plaintiff does not and cannot allege that Homeq knew of the existence of the relationship.

The tort alleged simply does not apply to the alleged set of circumstances. "The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *Settimo Assoc. v. Environ Systems, Inc.*, 14 Cal. App. 4th 842, 845 (1993).

Negligent interference with prospective economic advantage is established where a plaintiff demonstrates that: (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future

economic benefit or advantage to plaintiff; (2) the defendant knew of the existence

of the relationship and was aware or should have been aware that if it did not act

with due care its actions would interfere with this relationship and cause plaintiff

to lose in whole or in part the probable future economic benefit or advantage of the

relationship; (3) the defendant was negligent; and (4) such negligence caused

damage to plaintiff in that the relationship was actually interfered with or

disrupted and plaintiff lost in whole or in part the economic benefits or advantage

reasonably expected from the relationship. *North American Chemical Co. v.

Superior Court*, 59 Cal. App. 4th 764, 786 (1997); see also *Youst v. Longo*, 43 Cal.

3d 64, 71 n.6 (1987).

Here, the complaint alleges that Plaintiff "attempted to enter into an

agreement with Step One Real Estate to purchase a home. . . ." *See* First Amended

Complaint ¶ 5. The complaint does not allege any actual business or economic

relationship, nor does it allege any economic relationship with the owner of the

property; the complaint instead alleges some potential or desired agreement with a

real estate company, presumably to then work with that company toward the

purchase of Plaintiff's desired property. California law does not permit such

speculative, potential business relationships to form the basis of the tort of

negligent interference with prospective economic advantage. As its name states,

the tort is for the interference with the prospective *advantage*, not a prospective

relationship; the economic relationship must be in existence.  Further, Plaintiff

does not and cannot allege Homeq knew of his purported business relationship,

which is an additional element of the tort on negligent interference with

prospective economic advantage.  Because Plaintiff fails on two specific elements

of the cause of action alleged, the claim for negligent interference with prospective

economic advantage must be dismissed with prejudice.

## IV.  THE FAIR CREDIT BILLING ACT DOES NOT APPLY TO THIS CASE

Plaintiff's cause of action for violation of the Fair Credit Billing Act fails to

state a claim for relief against Homeq, and should be dismissed with prejudice.

Plaintiff cites the Fair Credit Billing Act, 15 U.S.C. § 1666(a)(B)(ii) as the basis

for his second claim against Homeq.

But the very section cited clearly show that this Act does not apply to the

alleged facts of the complaint.  The Act states that "If a creditor, within sixty days

after having transmitted to an obligor a statement of the obligor's account in

connection with an extension of consumer credit," receives a written dispute from

the consumer, the creditor must respond pursuant to various requirements.  15

U.S.C. § 1666(a).  Thus, the Act regulates the relationship between a creditor and

an obligor when a dispute arises about a periodic statement sent by the creditor to

the obligor. If the obligor objects in writing within 60 days of the statement, the creditor is under certain obligations to respond.

Here, there are no allegations that Homeq sent Plaintiff any kind of statement. Rather, Plaintiff alleges that at some point in time he was denied financing, allegedly because Homeq had reported a prior delinquency on an earlier loan to Plaintiff. These circumstances do not come within the Fair Credit Billing Act cited by Plaintiff. Therefore, Plaintiff's claim for violation of the Fair Credit Billing Act should be dismissed with prejudice.

## V.    THE COMPLAINT AND OTHER DOCUMENTS THE COURT MAY REVIEW ON THIS MOTION ESTABLISH THAT EVEN ASSUMING NEGATIVE CREDIT REPORTING BY HOMEQ, SUCH NEGATIVE CREDIT REPORTING WAS ACCURATE

Plaintiff's complaint alleges that Homeq is liable because it incorrectly reported a loan delinquency regarding Plaintiff's loan. The complaint specifically relies on the October 9, 2007 letter from Homeq to Plaintiff "admit[ing] that the loan was paid in full on August 30, 2006." *See* First Amended Complaint ¶ 10.

When ruling on a Rule 12(b)(6) motion, the Court may consider certain materials, including documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *US v. Ritchie*, 342

F.3d 903, 908 (9th Cir. 2003).  A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's case necessarily relies.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  "[A] document is not 'outside' the complaint if the complaint *specifically refers to the document* and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (emphasis added). Documents whose contents are alleged in a complaint and whose authenticity is not attacked, even though not attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without the motion being converted into a motion for summary judgment.  *Id*. at 454.  "This rule serves a critical policy interest in preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Zella v. E.W. Scripps Co.*, 529 F.Supp.2d 1124, 1131 (C.D. Cal. 2007).

Here, Plaintiffs' complaint specifically makes reference to and relies upon the October 9, 2007 letter from Homeq to Plaintiff John Allen stating that the loan was paid in full August 31, 2006.  Plaintiff's allegations also arise out of the loan agreement.  Homeq therefore submits the October 9, 2007 letter as **Exhibit 1** and the Adjustable Rate Note as **Exhibit 2** for the Court's review (these are attached to the Request of Judicial Notice filed concurrently with this motion).

Even though Plaintiff's complaint states that the October 9, 2007 letter says the loan was paid in full August 30, 2006, the document itself clearly states that the loan was paid in full August 31, 2006. *Compare* First Amended Complaint ¶ 11 *with* Exhibit 1 (October 9, 2007 letter). When such documents contradict facts stated in a plaintiff's complaint, the documents prevail. *Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) ("Like the district court, we must accept as true the allegations in the plaintiff's complaint, unless contradicted by the WH-58"). This corresponds with the "critical policy interest in preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Zella*, 529 F.Supp.2d at 1131.

The Adjustable Rate Note clearly states that payments are due on the first of each month. *See* Exhibit 2 (Adjustable Rate Note, page 1, paragraph 3(A)). Therefore, even assuming Plaintiff's allegations that Homeq reported Plaintiff's loan delinquent to the credit bureaus, any such reporting would in fact be correct and factual, since payment August 31 for a payment due August 1 is 30 days late. Therefore Plaintiff's own complaint, taken together with the documents that the Court may review in ruling on this motion to dismiss under Rule 12(b)(6), demonstrates that there was no incorrect credit reporting as to Plaintiff. Plaintiff

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.doc

therefore cannot allege sufficient facts under a cognizable legal theory against Homeq, and the complaint should be dismissed without prejudice.

## VI.    CONCLUSION

Plaintiff's allegations in the complaint demonstrate that Plaintiff cannot state a claim for relief for negligent interference with prospective economic advantage since there was no existing economic relationship with a third party, and because the alleged facts demonstrate Homeq had no knowledge of the proposed economic relationship.  Therefore, Plaintiff's claim for negligent interference with prospective economic advantage should be dismissed with prejudice.

Plaintiff's allegations also demonstrate that there is no possible relief for Plaintiff under the Fair Credit Billing Act, since the Act does not apply to the facts alleged in the complaint.  Therefore, Plaintiff's claim as to the Fair Credit Billing Act should be dismissed with prejudice.

Finally, because the complaint, when reviewed with documents that are properly considered on a motion to dismiss, demonstrates that even assuming adverse credit reporting took place, such reporting was accurate, the entire complaint must be dismissed with prejudice.

SERVICING, erroneously sued herein as HOMEQ SERVICING INC. ("Homeq"),

will and hereby does move the Court to dismiss Plaintiff's complaint with

prejudice.

The motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim for relief against Defendant.  The motion will be based

upon this notice of motion, the attached memorandum of points and authorities, all

pleadings and documents filed herein, and any argument that may be presented or

any matters of which judicial notice is requested or proper.

DATED: April 4, 2008            HOUSER & ALLISON
                                A Professional Corporation


                                By: By:   /s/ Eric D. Houser
                                       Eric D. Houser
                                       Jeffrey S. Allison
                                Attorneys for Defendant
                                BARCLAYS CAPITAL REAL ESTATE, INC.
                                dba HOMEQ SERVICING, erroneously sued
                                herein as HOMEQ SERVICING INC.

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.doc

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On April 4, 2008, I served the following document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the following interested parties in this action:

Shawn Ridgell
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300

**[X]**   <u>VIA MAIL</u> -- By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on April 4, 2008, at Irvine, California.

Sherie L. Cleeré

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.doc