1  Shawn Ridgell (State Bar No. 201179)
   RIDGELL & LAWLOR LLP
2  2128 Broadway
   Oakland, CA 94612
3  (510) 986-1300

4  Attorneys for Plaintiff JOHN ALLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HOMEQ SERVICING INC., )<br>DOES 1 TO 50, )<br>)<br>Defendant. )<br>)<br>)<br>_____ ) | ACTION NO:   C-08-1698 MMC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Date:      May 23, 2008<br>Time:      9:00 a.m.<br>Location:  Courtroom 7, 19th Floor<br>           450 Golden Gate Ave.<br>           San Francisco, CA 94102 |

### I. INTRODUCTION

Plaintiff John Allen ("Allen") requests that the Court issue an Order denying Defendant Homeq Servicing Inc.'s ("Defendant") Motion to dismiss Allen's complaint. Allen has alleged sufficient facts to state a cause of action for negligent interference with prospective economic advantage and for a violation of the Fair Credit Billing Act. However, if the Court finds that Allen has not alleged sufficient facts to state his causes of action, or has asserted any legal theories that are incorrect, Allen requests leave to amend the complaint.

/ / / / / /

/ / / / / /

**II. DISCUSSION**

    **A.**    **ALLEN REQUESTS THAT THE COURT DENY DEFENDANT'S MOTION TO DISMISS WITH RESPECT TO THE FIRST CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**

    Defendant argues that Allen cannot assert a cause of action for negligent interference with prospective economic advantage because (1) Allen has not shown an existing contractual or economic relationship with a third party, and (2) Defendant had no knowledge of any contractual or economic relationship that Allen may have had with a third party. For the reasons stated below, Defendant is incorrect.

    Defendant cites North American Chemical Co. v. Superior Court (1997) 59 Cal. App. 4th 764, 786, 69 Cal. Rptr. 2d 466 to show the requirements necessary to establish a cause of action for negligent interference with prospective economic advantage. It argues that Allen cannot state a cause of action because the tort of negligent interference requires a showing of (1) An economic relationship between a plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to the plaintiff, and a showing that (2) The defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause the plaintiff to lose the probable future economic benefit.

    In order to state a cause of action of interference with prospective economic advantage, a party only needs to show "A colorable economic relationship between the plaintiff and a third party with the potential to develop into a full contractual relationship." Aydin Corp. v. Loral Corp. (9th Cir 1983) 718 F2d 897, 904. The courts have found the existence of a prospective economic advantage or business relationship in variety of circumstances. In Buckaloo v. Johnson (1975) 14 Cal. 3d 815, 823, 122 Cal. Rptr. 745, the court found that an actionable prospective relationship existed between a property owner and a real estate broker that had the potential to become a

1  contract. Furthermore, in Lowell v. Mother's Cake & Cookie Co. (1978) 79 Cal. App.
2  3d 13, 144 Cal. Rptr. 664, the court found that a mere offer to purchase a business was
3  sufficient to constitute an actionable claim for intentional interference with prospective
4  economic advantage.

5       Here, Allen had an economic relationship with Step One Real Estate that
6  contained a reasonably probable future economic benefit to him. Before he found
7  out that Defendant wrongfully reported his loan to the credit bureaus as delinquent on
8  November, 2006, Allen was working toward entering into an agreement with Step One
9  Real Estate for the purchase of a home in Sacramento California [First Amended
10 Complaint at ¶ 5]. In this transaction, Step One Real Estate was going to act as Allen's
11 broker. Allen would have obtained an economic benefit in this real estate transaction
12 because, as Allen alleges "[H]e was going to rent his current home located in Oakland,
13 California to tenants." [First Amended Complaint at ¶ 5] By renting out his current
14 home, Allen would have gained the economic advantage of receiving monthly rental
15 income.

16      Allen rejects Defendant's contention that it did not know of the existence of the
17 economic relationship between Allen and Step One Real Estate. Defendant was on
18 notice that Allen had attempted to purchase the Sacramento home through Step One
19 Real Estate. In two of Allen's numerous attempts to contact Defendant to request that
20 it correct the false information that it submitted to the credit bureaus, Allen informed
21 Defendant of his dealings with Step One Real Estate. Also, on or about September 4,
22 2007, Allen had participated in a conference call with Defendant and Step One. There,
23 Allen also mentioned that he had attempted to purchase the Sacramento home but
24 was unable to because Defendant mistakenly reported his loan to the credit bureaus as
25 delinquent. As a real estate loan company, Defendant knew or should have known that
26 its failure to correct its mistake would cause Allen to lose the future economic benefit
27 that he would have gained if not for Defendant's incompetence in handling his loan
28

3

1  account.

2  Therefore, because an economic relationship existed between Allen and
3  Step One Real Estate Company, and Defendant knew of that relationship, Allen
4  requests that the Court deny Defendant's Motion to Dismiss. Alternatively, if the Court
5  finds that Allen has not stated sufficient facts to show that Defendant knew of Allen's
6  relationship with Step One Real Estate, Allen requests leave to amend the complaint.

      **B. ALLEN REQUESTS THAT THE COURT DENY DEFENDANT'S MOTION TO DISMISS WITH RESPECT TO THE SECOND CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT BILLING ACT**

10  Defendant argues that the Fair Credit Billing Act does not apply in this action.
11  Defendant asserts that the Act only governs the relationship between a creditor and an
12  obligor when a dispute arises about a periodic statement that the creditor sent to the
13  obligor. Defendant concludes that because there are no allegations that it failed to send
14  Allen a billing statement, there is no liability. Defendant is misguided.

15  The Fair Credit Billing Act is included in the Federal Truth in Lending Act. Title
16  15 U.S.C. §1601(a) provides that the purpose of the Truth in Lending Act is to protect
17  consumers against inaccurate and unfair credit billing and practices. The provisions of
18  the Truth in Lending Act are to be liberally construed in favor of the consumer. <u>Hubbard</u>
19  <u>v. Fidelity Fed. Bank</u> (C.D. Cal. 1993) 824 F. Supp. 909, 916 affirmed in part, reversed
20  in part at 91 F. 3d 75. The Truth in Lending Act imposes strict liability in that absolute
21  compliance is required, and even technical violations will form the basis for liability.
22  <u>Rowand v. Magna Millikin Bank of Decatur, N.A.</u> (C.D. Ill. 1992) 812 F. Supp. 875,
23  878.

24  A consumer has a cause of action against a creditor under the Truth in Lending
25  Act, particularly under 15 U.S.C. §§1637(b), 1666(b)(6), and 1666a when the creditor
26  reports to a credit bureau that an account is delinquent after the account has been paid in
27  full, and when the creditor fails to send a periodic statement to the consumer. <u>Sanders v.</u>

Ameritrust of Cincinnati (S.D. Ohio 1984) 587 F. Supp. 896, 899.

Here, although Allen did not cite the exact provisions that were violated, he alleges facts that indicate that Defendant violated 15 U.S.C. §§1637(b), 1666(b)(6), and 1666a. A complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory. Haddock v. Board of Dental Examiners of Cal. (9th Cir 1985) 777 F2d 462, 464. Section 1637(b) requires a creditor to send out written statements within each billing cycle. Section 1666 (b)(6) defines a "Billing Error" as the "Failure to transmit the statement required under [15 U.S.C. §1637(b)] to the last address of the obligor which has been disclosed to the creditor." Section 1666a(c) requires a creditor to provide to any third party to whom it had incorrectly given notice of a deficiency the correct information once the mistake is discovered.

Allen alleges that he paid his loan with Defendant in full on August, 2006 [First Amended Complaint at ¶ 7], and Defendant has admitted that the loan was paid off at that time. Defendant reported Allen's loan as delinquent sometime in November, 2006, three months after the loan had been paid in full [First Amended Complaint at ¶6]. It follows that Allen's loan was not delinquent at the time Defendant reported the loan to the credit bureaus, and Defendant's argument that the loan was delinquent at the time they reported the loan to the credit bureaus must be rejected. Before reporting the loan as delinquent, Allen alleges that Defendant failed to send him periodic billing statements when he alleges that "Defendant made no attempts to resolve the alleged loan delinquency prior to reporting the loan to the credit bureaus. Defendants did not contact Allen prior to reporting the loan as delinquent to the credit bureaus." [First Amended Complaint at ¶ 9]

Therefore, because (1) Allen's loan with Defendant was paid in full *before* Defendant reported the loan as delinquent, and (2) Defendant failed to send billing statements to Allen or otherwise contact Allen regarding the purported delinquencies,

Allen requests that the Court deny Defendant's Motion to Dismiss. Allen further requests leave to amend the complaint in order to allege the proper legal theories.

    **C.    IF THE COURT FINDS THAT ALLEN HAS NOT STATED SUFFICIENT FACTS TO SUPPORT HIS CAUSES OF ACTION, ALLEN REQUESTS THAT THE COURT GRANT HIM LEAVE TO AMEND**

The Fed. R. Civ. Proc. 15(a) provides that a party may amend a pleading "Only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Here, Allen requests that the Court grant him leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure in order for him to state sufficient facts to support his causes of action if the Court finds this necessary.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Allen's first amended complaint should be denied. Alternatively, Allen requests leave to amend if the Court finds that he has not stated sufficient facts to support his causes of action.

Dated: May 1, 2008                                  RIDGELL & LAWLOR LLP

                                                            By:____/s/_____
                                                                Shawn Ridgell
                                                                Attorney for Plaintiff
                                                                JOHN ALLEN