Eric D. Houser (SBN 130079)
Jeffrey S. Allison (SBN 173620)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
sclere@houser-law.com

Attorneys for Defendant,
BARCLAYS CAPITAL REAL ESTATE, INC.
dba HOMEQ SERVICING,
erroneously sued herein as HOMEQ SERVICING INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>HOMEQ SERVICING INC.,<br><br>    Defendants. | Case No.: 3:08-cv-01698 MMC<br><br>**REPLY BREIF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>[F.R.C.P. 12(b)(6)]<br><br>Hearing Date: May 23, 2008<br>Hearing Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

Defendant Barclays Capital Real Estate, Inc. dba Homeq Servicing, erroneously sued herein as Homeq Servicing Inc. ("Homeq") hereby submits this reply brief in support of its motion to dismiss Plaintiff's complaint.

---

**REPLY BRIEF RE: MOTION TO DISMISS**
1

## I. Plaintiff Fails to State a Claim for Negligent Interference with Prospective Economic Advantage Because There Was No Business Relationship

Plaintiff cannot maintain a claim for negligent interference with prospective economic advantage unless he can allege "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003); *Silicon Knights, Inc. v. Crystal Dynamic, Inc.*, 983 F.Supp. 1303, 1311 (N.D. Cal. 1997).

In this case, Plaintiff alleges that he "attempted to enter into an agreement with Step One Real Estate to purchase a home." *See* First Amended Complaint ¶ 5. Trying to overcome the motion to dismiss, Plaintiff states in his reply brief that he had an actual business relationship with Step One Real Estate. *See* Opposition 3:5. However, Plaintiff's very statements in the opposition show that he cannot state a claim for interference with prospective economic advantage. Plaintiff admits that "Step One Real Estate was going to act as Allen's broker." *See* Opposition 3:10-11. That is, Plaintiff apparently alleges that Step One was to act as his agent in purchasing a property. The business relationship interfered with must be an existing business relationship between the plaintiff and some third party. *North Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 786 (1997).

Alleging a relationship with his own agent does not bring Plaintiff any closer to alleging a real business relationship with a third party such as is required for the tort of negligent interference with prospective economic advantage.

Further, Plaintiff's citation to *Buckaloo v. Johnson*, 14 Cal. 3d 815 (1975) is inapposite. Plaintiff cites *Buckaloo* for the proposition that "the court found that an actionable prospective relationship existed between a property owner and a real estate broker that had the potential to become a contract." *See* Opposition 2:26-3:1. The *Buckaloo* case does not apply to the facts of this case.

In *Buckaloo*, plaintiff was a real estate broker who worked with potential buyers of a particular property. After discussing the particular property in detail, the buyers contacted the seller directly and purchased the property through a direct sale in which the price was lowered to exclude any broker's commission built into the price. The broker sued for his commission, alleging he was the 'procuring cause' of the sale. In the context of this specific real estate transaction, the California Supreme Court held that he stated a cause of action for interference with prospective economic advantage that could not be dismissed on demurrer.

That is, *Buckaloo* is a very particular kind of case where a defendant uses plaintiff's services, and then tries to cut plaintiff out of the deal. The California Supreme Court has described *Buckaloo* as an example of the type of case "involving *circumscribed kinds of business relations* in which the plaintiff,

---
**REPLY BRIEF RE: MOTION TO DISMISS**
3

typically a real estate broker or attorney working on a contingency, sued to recover fees after defendant had refused to share property sale proceeds or a personal injury recovery." *Della Penna v. Toyota Motor Sales, U.S.A, Inc.*, 11 Cal. 4th 376, 388 (1995) (emphasis added).

Plaintiff also cites *Lowell v. Mother's Cake & Cookie Co.*, 79 Cal. App. 3d 13 (1978). That case is also inapplicable to the case at bar. In *Lowell*, a trucking company performed almost 50% of its business for defendant. When the trucking company owner sought to sell the trucking company, defendant interfered with an offer to purchase by informing the offering party that the contract with defendant would be cancelled if the trucking company was sold to a third party. Defendant then purchased the trucking company at substantially below market value. The court held that defendant's justification or privilege for that interference was a fact based affirmative defense that could only be raised by answer, not demurrer.

Plaintiff cannot rely on speculation that he would have entered into a business relationship or contract, and that relationship would have been economically advantageous. For the tort of negligent interference with prospective economic advantage, there must be an actual business relationship with which defendant knowingly interferes. *North Am. Chem. Co.*, 59 Cal. App. 4th at 786. Therefore, Plaintiff's first cause of action should be dismissed.

II.  **Plaintiff's Fair Credit Billing Act Claim Fails Because Section 1666 Does Not Apply To The Mortgage Loan Alleged By Plaintiff**

Plaintiff's cause of action for violation of the Fair Credit Billing Act fails to state a claim for relief against Homeq, and should be dismissed with prejudice. Plaintiff cites the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(a)(B)(ii) as the basis for his second claim against Homeq. As set forth in the motion to dismiss, Plaintiffs allegations simply do not state a claim for violation of the cited statutes.

Section 1666 of the FCBA does not apply to mortgage loans such as the loan alleged in Plaintiff's complaint. By its terms, section 1666 applies only to open end credit plans. *Roybal v. Equifax*, 405 F.Supp. 2d 1177, 1180 (E.D.Cal. 2005). An open end credit plan is one where the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. 15 U.S.C. § 1602(i). All credit that is not characterized as open end is considered closed end. *See* 12 C.F.R. 226.2(a)(10). A mortgage loan such as that alleged in the complaint is not an open end credit plan. *See Smith v. A & B Sales Co., Inc.*, 479 F.Supp. 477, 478 (N.D.Ga. 1979) (the definition of open end credit is "intended to distinguish transactions made

advantage since there was no existing economic relationship with a third party. Therefore, Plaintiff's claim for negligent interference with prospective economic advantage should be dismissed with prejudice.

Plaintiff's allegations also demonstrate that there is no possible relief for Plaintiff under the Fair Credit Billing Act, since the Act does not apply to the facts alleged in the complaint. Therefore, Plaintiff's claim as to the Fair Credit Billing Act should be dismissed with prejudice.

Finally, as was set forth in Homeq's moving papers, because the complaint and documents properly considered on a motion to dismiss demonstrate that even assuming adverse credit reporting took place, such reporting was accurate, the entire complaint must be dismissed with prejudice.

DATED: May 9, 2008                HOUSER & ALLISON
                                  A Professional Corporation


                                  By: By:  /s/ Jeffrey S. Allison
                                       Eric D. Houser
                                       Jeffrey S. Allison
                                  Attorneys for Defendant
                                  BARCLAYS CAPITAL REAL ESTATE, INC.
                                  dba HOMEQ SERVICING, erroneously sued
                                  herein as HOMEQ SERVICING INC.

---

**REPLY BRIEF RE: MOTION TO DISMISS**
7

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss - reply brief.doc

under a revolving or continuous credit arrangement, such as credit card or charge accounts, from single purchase credit transactions."). The loan Plaintiff alleges was serviced by Homeq was the loan he used to purchase or refinance his home, not an account or plan for revolving or continuous credit.

Plaintiff's reliance on *Saunders v. Ameritrust of Cincinnati*, 587 F.Supp. 896 (S.D. Ohio 1984) is misplaced. In that case, "Defendant extended installment credit to plaintiff Michael Saunders by issuing him a VISA card." *Id.* at 897. Since the cited case is based upon an open end credit plan, the case is inapplicable to the case at bar. When the code sections relied upon by Plaintiff simply do not apply to the facts, there can be no liability on the part of Homeq.

Because the code sections cited by Plaintiff do not apply to a closed end credit transaction such is alleged in this case, Plaintiff's second claim fails to state a claim for relief. Nor can Plaintiff rely on vague statements that he is entitled to relief somewhere in the Truth in Lending Act. A defendant is entitled to notice regarding the basis of a plaintiff's claim, and therefore Plaintiff cannot proceed simply by stating that even if the FCBA, as cited, does not apply, some federal statute may. Plaintiff's second claim should be dismissed with prejudice.

## III. CONCLUSION

Plaintiff's allegations in the complaint demonstrate that Plaintiff cannot state a claim for relief for negligent interference with prospective economic

---

**REPLY BRIEF RE: MOTION TO DISMISS**
6

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On May 7, 2008, I served the following document described as:

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

On the following interested parties in this action:

Shawn Ridgell
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300

[X]  VIA MAIL -- By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 7, 2008, at Irvine, California.

Sherie L. Cleeré