IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN,<br><br>       Plaintiff,<br>  v.<br><br>HOMEQ SERVICING INC.,<br><br>       Defendant | No. C-08-1698 MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO FILE SUR-REPLY; VACATING MAY 23, 2008 HEARING** |

     Before the Court is defendant's "Motion to Dismiss Complaint," filed April 4, 2008, as amended April 11, 2008. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons set forth below, finds it appropriate to vacate the hearing scheduled for May 23, 2008, and to afford plaintiff leave to file a sur-reply.

     In the instant motion, defendant contends plaintiff has failed to allege sufficient facts to state a claim under the federal statute identified in plaintiff's First Amended Complaint ("FAC"), specifically, 15 U.S.C. § 1666(a)(B)(ii). In his opposition, plaintiff does not argue he can state a claim under § 1666(a)(B)(ii);[1] rather, plaintiff states the FAC does not "cite

---

[1] Section 1666(a) sets forth the obligations of a "creditor," when the creditor receives a notice from an "obligor" advising such creditor that a statement sent by the creditor to the obligor contains a "billing error." See 15 U.S.C. § 1666(a). The instant action is based on the allegation that defendant erroneously advised a credit reporting agency that plaintiff's account was delinquent; the complaint does not allege that defendant sent plaintiff a statement containing a billing error.

the exact provisions" of federal law on which plaintiff intends to rely, and requests leave to amend to allege claims under other federal statutes, specifically, 15 U.S.C. §§ 1637(b), 1666(b)(6), and 1666a.  (See Pl.'s Opp. at 5:2-4, 6:1-2.)

In its reply, defendant contends such amendment would be futile.  Specifically, defendant argues, said newly-identified statutes prescribe certain conduct by a creditor of an "open end consumer credit plan"; according to defendant, the mortgage referenced in the FAC is not an open end consumer credit plan.  See 15 U.S.C. § 1602(i) (defining "open end consumer credit plan" as a plan in which "the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance").

Because plaintiff has not had the opportunity to respond to defendant's most recent argument, the Court will defer ruling on the motion to dismiss until plaintiff has had an opportunity to so respond.

Accordingly, plaintiff is hereby afforded leave to file, no later than June 3, 2008, a sur-reply, not to exceed five pages in length, exclusive of exhibits, in which plaintiff may respond to defendant's argument that any amendment to allege the proposed new federal claims would be futile.

As of June 3, 2008, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: May 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge