```
Shawn Ridgell (State Bar No. 201179)
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300
```

Attorneys for Plaintiff JOHN ALLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN,<br><br>        Plaintiffs,<br><br>    v.<br><br>HOMEQ SERVICING INC.,<br>DOES 1 TO 50,<br><br>        Defendant. | ACTION NO:   C-08-1698 MMC<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** |

## I. INTRODUCTION

Defendant HomEq servicing ("Defendant") argues that it is not liable to plaintiff John Allen ("Allen") under the Federal Truth in Lending Act (15 U.S.C. §1601 et. seq.) because Allen's loan was not an open-end credit plan. For the reasons set forth below, defendant is incorrect. Allen requests that the Court issue an Order denying defendant's motion to dismiss. In the alternative, Allen requests that the Court grant leave to amend the first amended complaint in order to state sufficient facts to support his claims, or to properly assert his causes of action under the Truth in Lending Act.

/ / / / / /

/ / / / / /

## II. DISCUSSION

**A.   BECAUSE THE LOAN REFERENCED IN ALLEN'S FIRST AMENDED COMPLAINT WAS AN OPEN-END CREDIT PLAN, DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED.**

In its reply to Allen's opposition to the motion to dismiss the first amended complaint, defendant provides no analysis to support its position that Allen's loan was not an open-end credit plan. Title 15 U.S.C. §1602(i) defines an open-end credit plan as one in which "[T]he creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance."

The phrase "[T]he creditor must reasonably contemplate repeated transactions" means that the credit plan must be usable from time to time, and the creditor must legitimately expect that there will be repeat business rather than a one-time extension of credit. Benion v. Bank One, Dayton N.A. (7th Cir 1998) 144 F3d 1056, 1058. The fact that a borrower does not apply for further credit extensions does not prevent a credit plan from being characterized as an open end credit plan. There is no minimum number of repeat transactions that must occur or be contemplated. Benion, 144 F3d at 1058.

Title 15 U.S.C. §1605(a) defines a "Finance charge" as "[T]he sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." Examples of finance charges under section 1605 include (1) Interest, (2) Service or carrying charges, (3) Loan fees or similar charges, and (4) Investigation fees or credit report fees. Joseph v. Norman's Health Club Inc. (8th Cir 1976) 532 F2d 86, 93; Ruiz v. R&G Fin. Corp. (D. P.R. 2005) 383 F. Supp. 2d 318, 321. Only those charges that are specifically exempted from inclusion in the finance charge either by statute or regulation may be excluded from it. Buford v. American Finance Co. (N.D. GA 1971) 333 F. Supp. 1243, 1247.

/ / / / /

1    Here, Allen's loan provided him with the options of either refinancing his loan
2 or obtaining a home equity line of credit. A home equity line of credit is a revolving type
3 of credit that can be used over and over again. It is an example of the form of credit that
4 it within the meaning of an open-end credit plan. Because of these extensions of
5 additional credit that were available to Allen, defendant expected that there would be
6 repeated transactions with Allen. In Benion, there were some customers who did not use
7 the additional credit that was available to them, but the court did not conclude that the
8 credit plan at issue was not an open end credit plan. In this action, the fact that Allen
9 did not exercise his option to refinance or obtain a home equity line of credit should not
10 prevent his loan with defendant from being characterized as an open end credit plan.

11    Defendant also imposed finance charges on the unpaid balance of Allen's loan,
12 which consisted of interest and loan fees that were attached to the loan. Because
13 defendant could reasonably contemplate repeated transactions with Allen, and imposed
14 finance charges on the unpaid balance, Allen's loan should be characterized as an open-
15 end credit plan. Therefore, defendant is liable to Allen under 15 U.S.C.
16 §§1637(b), 1666(b)(6), and 1666a.

17    **B.  IF THE COURT FINDS THAT ALLEN'S LOAN WAS NOT AN OPEN END CREDIT PLAN, THEN THE LOAN MUST**
18    **BE CHARACTERIZED AS A CLOSED END CREDIT PLAN.**

19    Allen's loan must either be classified as an open-end credit plan or closed-end
20 credit plan. Assuming that Allen's loan with defendant was a closed-end credit plan,
21 defendant is still liable to Allen under the Truth in Lending Act. Close-end credit
22 plans have more stringent disclosure requirements, and are governed by 15 U.S.C.
23 §1638. Section 1638(a)(2)(A) provides that at the time of providing financing, the
24 creditor must disclose the total amount financed, which is the amount of credit that the
25 borrower may actually use.. In addition, section 1638 (B) provides that a creditor must
26 disclose the following information:
27 /  /  /  /
28

1      (1) The sum of the amount financed and the finance charge, which shall be
2      termed the "total of payments;"
3      (2) The number, amount, and due dates or period of payments scheduled to
4      repay the total of payments.
5      Here, Allen maintains that he paid his loan in full on August, 2006. Defendant
6  reported Allen's loan as delinquent on November, 2006. Allen paid the remaining
7  balance that was listed on his most recent account statement. Allen believed that the
8  balance that was listed on his statement was the true amount that he was obligated to
9  pay defendant. When defendant reported Allen's loan as delinquent to the credit
10 bureaus, it represented to the credit bureaus and to the public that Allen had an
11 outstanding balance on the loan, and he did not make payments on the outstanding
12 balance. Allen denies this, but defendant argues that the information that it submitted to
13 the credit bureaus was true. Therefore, defendant violated section 1638 because it failed
14 to accurately disclose the total amount that it financed Allen. Any additional sums that
15 defendant claims that Allen failed to pay were not disclosed to him in the original
16 financing agreement, and as such, the terms of the financing agreement are ambiguous.
17 Therefore, defendant is liable to Allen under the Truth in Lending Act regardless of
18 whether the loan is deemed an open-end credit plan or close-end credit plan.

### III. CONCLUSION

20     For the reasons set forth above, Defendant's Motion to Dismiss Allen's first
21 amended complaint should be denied. Alternatively, Allen requests leave to amend in
22 Order to state sufficient facts to support his causes of action, or to properly assert his
23 claims under the Truth in Lending Act.

24 Dated: June 2, 2008                                                                     RIDGELL & LAWLOR LLP

                                                                                  By:____/s/_____
                                                                                        Shawn Ridgell
                                                                                      Attorney for Plaintiff
                                                                                      JOHN ALLEN