IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>HOMEQ SERVICING INC.,<br><br>    Defendant<br>_____/ | No. C-08-1698 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

      Before the Court is defendant's "Motion to Dismiss Complaint," filed April 4, 2008, as amended April 11, 2008. Plaintiff has filed opposition, to which defendant has replied. Plaintiff, with leave of court, has filed a sur-reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

      1. Plaintiff's First Cause of Action, by which plaintiff alleges a claim for negligent interference with prospective economic advantage, is subject to dismissal for the reason that plaintiff fails to allege any facts to support a finding that (1) "an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff," and (2) "defendant knew of the existence of the relationship." See North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764,

---

[1] By order filed May 19, 2008, the Court took the matter under submission as of June 3, 2008.

786 (1997).

2. Plaintiff's Second Cause of Action, by which plaintiff alleges a claim for violation of 15 U.S.C. § 1666(a)(B)(ii), is subject to dismissal for the reason plaintiff fails to allege defendant sent plaintiff a statement, let alone a statement containing a billing error. See 15 U.S.C. § 1666(a) (setting forth obligations of "creditor" upon receiving notice from "obligor" that statement sent by creditor to obligor contained billing error).

3. Plaintiff's request, made in his opposition and in his sur-reply, for leave to file a Second Amended Complaint will be granted in part and denied in part, as follows:

    a. Plaintiff will be afforded leave to amend to cure the deficiencies identified above with respect to the First Cause of Action. In so amending, however, plaintiff must give "fair notice" of the nature of the economic relationship that is alleged to have existed between plaintiff and a third party. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (providing plaintiff, to avoid dismissal for failure to state a claim, must allege sufficient facts to provide "fair notice of what the claim is and the ground upon which it rests").

    b. Plaintiff will be afforded leave to plead a cause of action alleging a violation of 15 U.S.C. § 1638. In so amending, however, plaintiff must give fair notice of the nature of any claimed failure(s) to disclose. See 15 U.S.C. § 1638(a) (identifying specific "items" creditor is obligated to disclose).

    c. To the extent plaintiff seeks leave to allege a cause of action under 15 U.S.C. §§ 1637(b), 1666(b)(6), and/or 1666a, plaintiff's request will be denied. Specifically, for the reasons stated by defendant, such statutes apply only to "open end consumer credit plans," and the mortgage at issue is not an open end consumer credit plan. See 15 U.S.C. § 1602(i) (defining "open end consumer credit plan" as plan under which "creditor reasonably contemplates repeated transactions"); McAnaney v. Astoria Financial Corp., 2007 WL 2702348, *6 (E.D. N.Y. 2007) (holding "completed loan like a mortgage" is "closed-end credit" transaction) (citing cases).

//

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED with leave to amend as set forth above.

2. Plaintiff's Second Amended Complaint, if any, shall be filed no later than July 24, 2008.

3. The Case Management Conference is hereby CONTINUED from July 25, 2008 to September 11, 2008. A Joint Case Management Statement shall be filed no later than September 4, 2008.

**IT IS SO ORDERED.**

Dated: June 27, 2008

MAXINE M. CHESNEY
United States District Judge