Shawn Ridgell (State Bar No. 201179)
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, Ca 94612
(510) 986-1300

Attorneys for Plaintiff JOHN ALLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN, | ACTION NO: C-08-1698 MMC |
| Plaintiff, | SECOND AMENDED COMPLAINT FOR DAMAGES FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, VIOLATION OF THE UNFAIR COMPETITION ACT [CAL. BUS. & PROF. CODE §17200], & WILLFUL MISCONDUCT |
| v. | |
| HOMEQ SERVICING INC., DOES 1 TO 50, | |
| Defendant. | [JURY TRIAL DEMANDED] |

Plaintiff John Allen ("Allen") alleges:

1. Allen is, and at all times herein mentioned was, a resident of Alameda County, California.

2. Defendant HomEq Servicing Inc. is, and at all times herein mentioned, was, a California corporation located in Sacramento, California, and organized and existing under the laws of the State of California as a real estate loan company.

3. Allen is ignorant of the true names and capacities of defendants sued herein as DOES 1 TO 50, inclusive, and therefore sues these defendants by these fictitious names. Allen will amend this complaint to allege their true names and capacities when ascertained. Allen is informed and believe and thereon alleges that each of

the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Allen's damages as alleged were proximately caused by such defendants.

4. In committing the acts alleged in this complaint, each defendant was the agent, and employee of each other defendant and was acting within the scope of that agency and capacity. The conduct of each defendant was ratified by each co-defendant.

5. Defendant's conduct was carried out by a managing agent, or by an officer or director of defendant. A managing agent, officer, or director of defendant authorized and ratified each defendant's conduct.

6. On or about February, 2007, Allen made an offer to purchase a home located at 180 Johnston Road in Sacramento, California. Step One Real Estate acted as the broker in this transaction. Once Allen had purchased the property at 180 Johnston Road, he was going to rent his current home located in Oakland, California.

7. On or about March 7, 2007, Allen was denied financing, and as a result of this denial, was unable to purchase the home located at180 Johnston Road. He was denied financing because there was an entry on Allen's credit report that showed a delinquency on a loan that Defendant provided to Allen. ("Hereinafter referred to as "The Loan"). Defendant reported that the delinquency occurred on November, 2006. Allen entered into the loan contract with Defendant for the purchase of his home in Oakland, California.

8. The entry on Allen's credit report concerning the loan was false. Allen did not miss any payments on his loan, and was not late on making payments. The loan had been paid in full since August 30, 2006.

9. From March 7, 2007 until October 5, 2007, Allen contacted Defendant by telephone and by letter, requesting that defendant have the negative credit information concerning the loan removed from his credit report. Defendant failed to have this credit information removed .

10. On October 9, 2007, several months after Allen initially requested that Defendant have the negative credit information concerning the loan removed from his credit report, Defendant wrote to Allen. In the letter, defendant admitted that the loan was paid in full on August 30, 2006. In another letter dated October 17, 2007, defendant promised Allen that it instructed the credit bureaus to remove any negative information on Allen's credit report regarding the loan. To this date, defendant has failed to instruct the credit reporting agencies to remove the false and negative information concerning the loan.

11. As a direct result of defendant's false report to the credit bureaus indicating that Allen's loan was delinquent, Allen's credit rating was damaged. Allen has also been denied lower interest rates on other loans, and has lost rental income for his home in Oakland, California.

**FIRST CAUSE OF ACTION**
**(Negligent Interference with prospective economic advantage)**

12. Allen refers to and incorporates herein by reference paragraphs 1 through, 11 above.

13. Defendant owed Allen a duty to accurately monitor and bill the loan. Defendant also had a duty to refrain from reporting Allen's loan as delinquent to the credit bureaus if the loan was not delinquent.

14. Defendant breached this duty by incorrectly billing the loan account, erroneously reporting the loan to the credit bureaus as delinquent, and failing to instruct the credit bureaus to remove any negative information concerning the loan.

15. As a direct and proximate result of Defendant's negligence, Allen was damaged in an amount according to proof at trial.

WHEREFORE, Allen requests relief as hereinafter provided.

/ / / / / /
/ / / / / /
/ / / / / /

3

## SECOND CAUSE OF ACTION
### (Violation of the Unfair Competition Act)

16. Allen refers to and incorporates herein by reference paragraphs 1 through 15, above.

17. Beginning on or about November, 2006, defendant committed the following acts of unfair competition, as defined by the California Business Code §17200:

    (A) Falsely and carelessly reporting Allen's loan to the credit bureaus as delinquent when his loan was paid in full;

    (B) Failing to instruct the credit bureaus to remove all negative information concerning Allen's loan;

    (C) Falsely representing to Allen that it would have removed all negative information on Allen's credit report concerning the loan.

18. The acts described above were likely to mislead the public and therefore constitute unfair, fraudulent, and misleading acts within the meaning of California Business and Professions Code §17200. These acts were unfair because they were committed in conscious disregard of Allen's rights under the loan agreement and the laws of the state of California.

19. Defendant was negligent regarding the acts described above, and therefore the acts are unlawful business acts within the meaning of California Business & Professions Code §17200. The acts are likely to mislead the public. Defendant represents to its customers that it will accurately monitor and bill its customers' loan accounts and resolve any account discrepancies in a timely manner when in fact defendant fails to do so.

20. The unfair, unlawful, and fraudulent business practices of defendant are likely to continue and therefore will continue to mislead the public by defendant's false representations that they will accurately monitor and bill customer accounts and promptly resolve account disputes. Such misrepresentations present a continuing

threat to the public.

21.    Allen has standing to bring this cause of action in that he has suffered injury in fact, as described above, and has lost money and property as a result of defendant's misconduct.

22.    Allen is entitled to an injunctive order requiring that defendant instruct the credit bureaus to remove the negative information on Allen's credit report concerning the loan.

23.    Allen is entitled to attorney fees under Cal. Code Civ. Proc. §1021.5.

WHEREFORE, Allen requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### (Willful Misconduct)

24.    Allen refers to, and incorporates herein by reference paragraphs 1 through 23 above.

25.    Allen had obtained a loan from defendant for the purchase of his home in Oakland, California. Therefore, defendant had a duty to accurately monitor and bill his loan account and to resolve any and all errors that it commits concerning the billing of his account in a timely manner.

26.    Defendant breached all of its duties mentioned in this complaint to Allen. These breaches were committed in reckless disregard for the probability that Allen would be severely damaged if defendant did not carefully adhere to its duties. Defendant knew or should have known that there was a probability that Allen would be severely damaged from the failure to adhere to its duties. Defendant also knew or should have known that the failure to have removed all adverse information on Allen's credit report concerning the loan would result in Allen sustaining serious financial injury.

27.    As a legal result of defendant's conduct, Allen's credit rating was damaged. Allen has also been further damaged because he was denied lower interest rates on other loans, and has lost rental income for his home in Oakland, California.

28. In breaching its duties to Allen, defendant acted with malice and oppression, and an award of punitive damages in a sum according to proof at trial is justified, warranted, and appropriate.

WHEREFORE, Allen requests relief as hereinafter provided.

**PRAYER**

WHEREFORE, Allen prays for judgment against Defendant as follows:

1. For actual damages, to be determined by the court;
2. For consequential damages;
3. For reasonable attorney's fees;
4. For punitive damages;
5. For costs of suit herein incurred; and
6. For any and all other relief that is just and proper.

Dated: July 17, 2008                               RIDGELL & LAWLOR LLP


                                                   By:___/s/_____
                                                        Shawn Ridgell
                                                        Attorney for Plaintiff
                                                        JOHN ALLEN