IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN, | No. C-08-1698 MMC |
| Plaintiff, | **ORDER REMANDING ACTION** |
| v. | |
| HOMEQ SERVICING INC., | |
| Defendant / | |

On March 28, 2008, defendant removed the above-titled action to federal district court, on the basis of federal question jurisdiction. At the time of the removal, the operative complaint was the First Amended Complaint, which contained one cause of action arising under federal law, specifically, a claim under 15 U.S.C. § 1666(a), and one cause of action arising under state law, specifically, a claim for negligent interference with prospective economic advantage.

By order filed June 30, 2008, the Court dismissed the First Amended Complaint, finding plaintiff had failed to state a claim under either federal or state law, and afforded plaintiff leave to amend. On July 17, 2008, plaintiff filed his Second Amended Complaint, in which plaintiff has realleged his state law claim for negligent interference with prospective economic advantage and has added two new causes of action, each of which arises under state law. Plaintiff has not realleged his federal cause of action, however, nor has plaintiff

added any new cause of action arising under federal law. As a result, the Court's jurisdiction over each cause of action in the Second Amended Complaint is supplemental in nature.

Where a district court "has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3). Here, the sole federal claim having been dismissed, the Court now declines to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, the instant action is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: July 22, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2